UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOBO A. M.,

Petitioner,

v.

WARDEN, California City Immigration Processing Center; FIELD OFFICE DIRECTOR, ICE Los Angeles Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of Homeland Security, TODD BLANCHE, Acting Attorney General, UNITED STATES,

Respondents.

No. 1:26-CV-08833-RLP

ORDER DISMISSING HABEAS PETITION

Before the Court is Petitioner Jacobo A. M.'s[1] ("Petitioner") third Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order. ECF

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information.

Nos. 1, 2. Petitioner challenges the constitutionality of his continued civil immigration detention and seeks immediate release. ECF No. 1 at 10-12. Respondents move to dismiss the petition, arguing that Petitioner has not exhausted his administrative remedies, that his continued detention does not violate due process, and that the petition constitutes an abuse of the writ. ECF No. 8.

Because Petitioner has not exhausted his available administrative remedies and has not established a basis to excuse exhaustion, the Court dismisses the petition without prejudice.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States in 2014. ECF No. 1 at 4. On November 24, 2025, Petitioner was arrested by Immigration and Customs Enforcement (ICE) officers and has remained in immigration custody since his arrest. ECF No. 8 at 2.

On April 21, 2026, Petitioner filed a habeas petition in the United States District Court for the Middle District of Florida, challenging the legality of his immigration detention. ECF No. 8 at 3, 77-78. After Petitioner was transferred to California, he filed another habeas petition in this Court on July 9, 2026. *See A. M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-05280-RLP, 2026 WL 2391057, at *1 (E.D. Cal. Aug. 17, 2026). This Court initially stayed the proceedings pending resolution of the Florida action. *Id.* On August 13, 2026, the

Florida court granted Petitioner's motion for voluntary dismissal without prejudice. ECF No. 8 at 78.

On August 17, 2026, this Court granted Petitioner's second habeas petition in part, concluding that his detention was governed by 8 U.S.C. § 1226(a), rather than § 1225(b)(2). *A. M.*, 2026 WL 2391057, at *1-2. The Court ordered Respondents to provide an individualized bond hearing at which the Government would bear the burden of establishing by clear and convincing evidence that Petitioner posed a flight risk or danger to the community. *Id.*

On August 31, 2026, Petitioner requested to withdraw his request for a bond hearing without prejudice so that he could obtain counsel. ECF No. 8 at 60. The Immigration Judge granted that request. *Id.* On September 16, 2026, Petitioner appeared with counsel for a bond hearing. *Id.* at 3, 63; *see also* ECF No. 9 (audio recording of bond hearing). Following the hearing, the Immigration Judge denied bond, finding that the Government established that Petitioner posed an extreme flight risk by clear and convincing evidence. ECF No. 8 at 63.

On October 13, 2026, Petitioner appealed the bond determination to the Board of Immigration Appeals (BIA). ECF No. 8 at 73. Respondents represent that the appeal remains pending. *Id.* at 3.

On October 27, 2026, Petitioner filed the instant petition. ECF No. 1.

## LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Although 28 U.S.C. § 2241 does not expressly require exhaustion, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

The Ninth Circuit has specifically applied this requirement to challenges to immigration bond determinations. *Leonardo v. Crawford*, 646 F.3d 1157, 1160-61 (9th Cir. 2011). A noncitizen dissatisfied with an Immigration Judge's bond determination may appeal to the BIA and, after the BIA renders its decision, seek

habeas review in federal district court. *Id.* at 1160. Seeking habeas review before completing that administrative process is an improper "short cut." *Id.*

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.* Although courts have discretion to excuse prudential exhaustion, that discretion is not unlimited. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Exhaustion may be excused when administrative remedies are inadequate or ineffective, pursuing those remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. *Id.* at 1000.

## ANALYSIS

Petitioner argues that his continued detention has become unconstitutional in light of its duration, his personal circumstances, and the absence of a sufficient justification for continued confinement. ECF No. 1 at 6-11. He maintains that his constitutional challenge is distinct from the pending bond appeal and asks the Court to excuse exhaustion and order his immediate release. *Id.* at 8-12.

Respondents argue that Petitioner has not exhausted his administrative remedies because his appeal of the bond determination remains pending before the BIA. ECF No. 8 at 5-6. They further contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), that he received the process constitutionally required,

and that his continued detention does not violate due process. *Id.* at 4-10. Finally, Respondents argue that the petition constitutes a successive abuse of the writ. *Id.* at 10.

Petitioner has not exhausted his available administrative remedies. An Immigration Judge denied his request for release following the bond hearing ordered by this Court. ECF No. 8 at 63. Petitioner appealed that determination to the BIA. *Id.* at 73. Respondents represent that the appeal remains pending. *Id.* at 3. Thus, Petitioner has not completed the available administrative review process.

Petitioner asks the Court to excuse exhaustion because he challenges the constitutionality of his present detention rather than the Immigration Judge's discretionary bond determination. ECF No. 1 at 8-10. He further argues that continued detention causes irreparable injury and that the pending administrative proceedings cannot adequately remedy the constitutional violation. *Id.* at 9-10.

The Court recognizes that an immigration bond determination does not categorically foreclose a separate constitutional challenge to continued detention. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213-14 (9th Cir. 2022). Nevertheless, Petitioner has not demonstrated that the available administrative process is inadequate or that requiring him to complete that process would be futile. Although Petitioner challenges the constitutionality of his present detention rather than the Immigration Judge's discretionary bond determination, the pending

BIA appeal provides an opportunity for administrative review of the necessity of his continued detention. That review may provide Petitioner the relief from continued detention. Moreover, Petitioner may seek a further custody redetermination upon a showing of materially changed circumstances. *See* 8 C.F.R. § 1003.19(e). Nor has Petitioner demonstrated that awaiting the outcome of his pending appeal would cause irreparable injury sufficient to excuse exhaustion. Under these circumstances, Petitioner has not established a sufficient basis to excuse completion of the administrative review process.

Accordingly, the Court declines to excuse Petitioner's failure to exhaust his administrative remedies. Because dismissal is warranted on this basis, the Court does not reach Respondents' remaining arguments concerning the constitutionality of Petitioner's detention and successive abuse of the writ.

**Accordingly, IT IS ORDERED:**

1. Respondent's motion to dismiss, **ECF No. 8**, is **GRANTED.**

2. The petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE.**

3. The Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, issue judgment in favor of Respondents, and CLOSE the file.

**DATED** November 19, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE